IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES PETTUS,

                                     Case No. 3:15-cv-02438-JO

       Petitioner,

                                     OPINION AND ORDER

       v.

MARION FEATHER,

       Respondent.

       Charles Pettus, #18642-111
       FCI-Sheridan
       P.O. Box 5000
       Sheridan, Oregon 97378

              Attorney for Petitioner

       Billy J. Williams
       United States Attorney
       Jared Hager
       Assistant United States Attorney
       1000 SW Third Avenue, Suite 600
       Portland, OR 97204-2902

              Attorneys for Respondent

       1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP's") decision not to place him in a Residential Reentry Center ("RRC"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

Petitioner is currently incarcerated at FCI-Sheridan pursuant to a 51-month sentence from the Northern District of California for being a felon in possession of a firearm in 2013. As petitioner neared the end of his sentence, BOP officials considered him for placement in an RRC. On February 29, 2016, they reviewed his record and determined that petitioner is the lead suspect in an open murder investigation by the San Francisco Police Department. Declaration of Autumn Norris (#11), Att. 3. As a result, they refused to place him in a RRC.

Petitioner contends he has a protected liberty interest in RRC placement, and he seeks a court order requiring respondent to change his housing assignment. Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to exhaust his administrative remedies; (2) the court lacks jurisdiction to review individualized determinations of prisoner placements such as the one at issue in this case; and

2 - OPINION AND ORDER

(3) petitioner has no protected liberty interest in RRC placement.

## DISCUSSION

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id.* Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id; United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

"Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted); *see*

3 - OPINION AND ORDER

*also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official B.O.P. policy and further appeal would almost certainly have been denied based upon the same policy). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004).

The BOP provides four levels of review: (1) informal resolution; (2) formal complaint with the Warden; (3) appeal to the Regional Director; and (4) appeal to the General Counsel in Washington, D.C. 28 C.F.R. §§ 542.13-542.15. Petitioner concedes that he did not file an appeal with the General Counsel, but argues that pursuit of such an appeal would have been futile. He does not, however, specifically describe why such an appeal would have been futile, nor does he identify the existence of any BOP policy that precludes him from challenging the BOP's RRC determination in his appeal to the General Counsel. Moreover, petitioner does not assert that a BOP policy is, itself, unlawful. Instead, he claims that the BOP has mistakenly concluded that he is a suspect in murder investigation in San Francisco. This is the kind of

4 - OPINION AND ORDER

individualized determination that the administrative appeals process is intended to address. Petitioner's mere assertion that it is futile for him to continue his administrative appeal based upon his lack of success during the preliminary stages of the administrative review process is insufficient to excuse him from the exhaustion requirement. To conclude otherwise would render all but the first level of the administrative appeal process meaningless.

Even if petitioner were to exhaust his administrative remedies as to this claim, he would not be entitled to habeas corpus relief. Federal courts may not review the BOP's individualized determinations pertaining to RRC placement pursuant to 18 U.S.C. § 3624. *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011) (no habeas jurisdiction in the context of BOP discretionary decisions made pursuant to 18 U.S.C. §§ 3621-24). Moreover, even assuming the court had jurisdiction to address the BOP's discretionary decision on petitioner's RRC placement, while such placement is highly desired among prisoners, it is simply another form of custodial housing. Inmates do not have a protected liberty interest in their security classification or place of incarceration. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *United States v. Laughlin*, 933 F.2d 786,

5 - OPINION AND ORDER

789 (9th Cir. 1991); *see also* 28 U.S.C. § 3624(c)(1) (the BOP "may" (not "must") place an inmate in a RRC during the last year of his sentence). Accordingly, relief on the Petition is denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this $\underline{19^{th}}$ day of July, 2016.

Robert E. Jones
United States District Judge

6 - OPINION AND ORDER